UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BENJAMIN HENDRICKS,

    Plaintiff,

v.

JEFFREY NORMAN HAZZARD, et al.,

    Defendants.

CASE NO. 2:11-cv-399

JUDGE MICHAEL H. WATSON
Magistrate Judge Kemp

## OPINION AND ORDER

On December 5, 2011, the United States Magistrate Judge recommended that Defendants' motion to dismiss be granted in part and denied in part. *Report and Recommendation*, Doc. No. 24. Specifically, the Magistrate Judge recommended granting the motion to dismiss as to Defendant Wessell, Defendant Lt. Doe, Defendant Harris, and Defendant Lawrence, who were being sued in their individual capacities, granting the motion to dismiss the state law claims against Defendant Hazzard without prejudice, and denying the motion to dismiss as to the remainder of the claims against Defendant Hazzard. This matter is now before the Court on Plaintiff Benjamin Hendricks' objection, *Objection*, Doc. No. 28, and Defendant Jeffrey Norman Hazzard's objection, *Objections*, Doc. No. 27, to that recommendation. The Court will consider the matter *de novo*. *See* 28 U.S.C. §636(b); Fed. R. Civ. P. 72(b).

## I. LEGAL STANDARD

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Fed.R.Civ.P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

## II. DISCUSSION

### A. Mr. Hendricks' Objection

Mr. Hendricks objects to the recommendation that Defendants Wessel, Doe, Harris, and Lawrence be dismissed. The motion to dismiss addressed the claims against those defendants in their individual capacities, because the original complaint sued defendants only in their individual capacities. *Complaint* at ¶ 16. Accordingly, this opinion and order addresses the claims against those defendants in their individual capacities. Mr. Hendricks argues that the complaint successfully stated a claim against those defendants because it alleged that they "abandon[ed] the specific duties of their positions – supervising, training, disciplining correctional officers – in the face of actual knowledge of a breakdown of the proper workings of the department." *Objection* at 2. However, even with the additional allegations in the amended complaint, Mr. Hendricks has still failed to state a claim against those defendants in their individual capacities.

Mr. Hendricks does not dispute that a mere failure to respond to a grievance does not state a claim under §1983 where that non-response did not cause or contribute to the constitutional violation. *Id.* at 1. Rather he argues that the facts of this

case are similar to those in *Hill v. Marshall*, where an official's failure to act rose to the level of a constitutional violation because it was an abandonment of "the specific duties of his position . . . in the face of actual knowledge of a breakdown in the proper workings of the department," that "result[ed] directly in a violation of the plaintiff's" Constitutional rights. 962 F.2d 1209, 1213 (6th Cir. 1992) (involving an official who repeatedly failed to review and respond to the medical needs of the prison population). However, neither the complaint nor the amended complaint contains allegations to support that argument.

The Magistrate Judge discussed the allegations against each individual defendant in the original complaint and concluded that in no instance did Defendants Wessel, Doe, Harris, or Lawrence cause or contribute to a constitutional violation. Mr. Hendricks states as a general matter that the complaint alleges that those defendants "failed to train the involved officers appropriately or that they implicitly ratified such actions through a policy of failing to discipline officers for prior unconstitutional actions." *Objection* at 2. However, the original complaint contains no allegations about a failure to train the involved officers, nor does it allege a policy of failing to discipline officers. It merely alleges that the defendants at issue failed to respond to certain grievances or failed to respond appropriately. As the Magistrate Judge pointed out, there are no allegations that such alleged failures *caused* any constitutional violation, and a mere failure to act on a grievance does not state a claim for liability under §1983. *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008). The bulk of the cases cited by Mr. Hendricks in his reply brief address municipal liability rather than liability of defendants in their individual capacities and, therefore, do not address the question before the Court here.

The allegations in the amended complaint do not result in a different outcome. The amended complaint includes conclusory allegations of a policy, custom, or practice of hiring correctional officers with a history of incidents of misusing force and failing to supervise and discipline officers who repeat such conduct. (See Am. Compl. at ¶¶114-16.) However, the factual allegations to support those conclusory allegations fail to provide any other basis upon which to determine that the defendants, in their individual capacities, caused the alleged constitutional violations. See, e.g., Petty v. County of Franklin, Ohio, 478 F.3d 341, 349-50 (6th Cir. 2007) (holding that in order for §1983 liability to attach to an individual supervisor, there must be a causal connection between the supervisory official and the unconstitutional conduct of the offending subordinate, but to the extent that a suit is against a defendant in his or her official capacity, a government custom or policy must be the moving force behind the violation of constitutional rights).

Indeed, the only new factual allegation that is arguably relevant to this determination is in paragraph 43 of the proposed amended complaint, which alleges that when Mr. Hendricks spoke with the Case Manager at Frazier Health Center in May of 2010 about the ongoing problems with Correctional Officer Hazzard, he also mentioned "the allegations made by other correctional officers that defendant Hazzard had a history of such incidents before his employment with ODRC and during his time with ODRC." If one assumes that the Case Manager mentioned the allegations that Mr. Hazzard had a history of misuse of force incidents when he spoke with Defendant Lawrence about Mr. Hendricks' concerns, then one might conclude that Defendant Lawrence was made aware of a pattern of constitutional violations. But even if those

assumptions are made, there are still no allegations that Defendant Lawrence's knowledge in May of 2010 caused any subsequent misuse of force injuring Mr. Hendricks. Nor are the factual allegations sufficient to demonstrate a policy, custom, or practice that was so pervasive that it could be imputed to the individual defendants based on their positions. Accordingly, whether one considers the allegations of the original complaint or the proposed amended complaint, the allegations fail to state a claim for individual liability against Defendants Wessel, Doe, Harris, and Lawrence.

B. Mr. Hazzard's Objection

Defendant Hazzard objected to the Magistrate Judge's recommendation that the federal claims against Defendant Hazzard should not be dismissed for failure to exhaust. Mr. Hazzard acknowledges that the Supreme Court's 2007 decision in *Jones v. Bock* held that failure to exhaust under the Prison Litigation Reform Act (PLRA) is an affirmative defense and inmates are not required to specially plead or demonstrate exhaustion in their complaints. *Objections* at 2 (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)).

Nonetheless, he argues that the Magistrate Judge's recommendation should be overturned because Mr. Hendricks "opened the door" to consideration of whether he exhausted those procedures. *Id.* at 3. The phrase, "opened the door" is most commonly used to refer to a curative measure that courts use at trial when otherwise inadmissible evidence is deemed necessary to counter inadmissible evidence introduced by the other side. *See, e.g., Zieman v. City of Detroit*, 81 F.3d 162 (table), 1996 WL 140328, *4 (6th Cir. Mar. 27, 1996). This Court is aware of no case law applying this doctrine to transform an affirmative defense into an element of a claim,

nor has Mr. Hazzard cited any authority on point. The one case that Mr. Hazzard cites in support of his argument is a Circuit Court decision from 1988 that discusses the allegations needed to plead the elements of a claim and *not* the allegations needed for an affirmative defense. *Objections* at 3 (citing *Scheid v. Fanny Farmer Candy Shops*, 859 F.2d 434, 436 (6th Cir. 1988)).

The argument that Mr. Hazzard frames as his second argument appears to be the same argument, turning on the quantity of allegations that Mr. Hendricks made about his informal complaints. Once again, the Court is not persuaded that such allegations create an affirmative duty for Mr. Hendricks to plead exhaustion in order to avoid dismissal, and Mr. Hazzard has not cited any cases that so hold. Nor has Mr. Hazzard pointed to any language in the complaint (as opposed to language omitted from the complaint) demonstrating that failure to exhaust is apparent from the face of the complaint.

## III. DISPOSITION

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **OVERRULES** the parties' objections, ECF Nos. 27 and 28, and the Report and Recommendation, ECF No. 24, is **ADOPTED** and **AFFIRMED**. Defendant's motion to dismiss (Doc. 10) is **GRANTED IN PART AND DENIED IN PART**. The Motion is granted as to the claims against Defendant Wessell, Defendant Lt. Doe, Defendant Harris, and Defendant Lawrence *in their individual capacities*, and granted without prejudice as to the state law claims against Defendant Hazzard. The Motion is denied as to the remainder of the claims against Defendant Hazzard.

In addition, Defendants' Motion to Strike the Reply, ECF No. 36, is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**