IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Benjamin Hendricks,              :

        Plaintiff,          :    Case No.  2:11-cv-399

  v.                             :    JUDGE MICHAEL H. WATSON
                                       Magistrate Judge Kemp
Ms. Wessell, et al.,             :

        Defendants.         :

REPORT AND RECOMMENDATION

    This matter is before the Court to consider the motion to dismiss filed by defendants Jeffrey Norman Hazzard, Ms. Wessell, Ms. Crockett-Harris, and Mary Lawrence.  The motion has been fully briefed.  For the following reasons, it will be recommended that the motion to dismiss be granted in part and denied in part.

I. Background

    Plaintiff Benjamin Hendricks filed his original complaint in this action on June 9, 2011, asserting a claim under 42 U.S.C. §1983 for violations of his First and Eighth Amendment rights arising from an alleged retaliatory destruction of his legal materials and alleged use of excessive force.  The original complaint named as defendants Jeffrey Norman Hazzard, Ms. Wessell, Lt. John Doe, Ms. Harris, Mary Lawrence, and John/Jane Doe x25, all in their individual capacities.  Defendants filed a motion to dismiss.  On December 5, 2011, the Court issued a Report and Recommendation which recommended that the motion to dismiss be granted in part and denied in part.  The Report and Recommendation was affirmed by order dated March 29, 2012. Accordingly, the motion to dismiss was granted to the extent that the claims against defendants Wessell, Lt. Doe, Harris and Lawrence were dismissed.  The state law claims against defendant

Hazzard also were dismissed.

Following the issuance of the Report and Recommendation, but prior to its adoption, Mr. Hendricks sought leave to amend his complaint to pursue this action as a class action, to add allegations regarding a separate incident involving an additional plaintiff and an additional defendant, to add Ernie Moore, Gary Mohr, and Rodger Roddy as defendants in their individual and official capacities, and to sue all defendants in their official and individual capacities for damages and injunctive relief.  By order dated February 7, 2012, the Court granted in part and denied in part Mr. Hendricks' motion for leave to file an amended complaint.  In the order, the Court stated that the motion was granted to the extent that Mr. Hendricks was seeking to sue any defendants in their official capacities, was seeking injunctive relief, or seeking to add relevant allegations involving the alleged incident between Mr. Ingram and Mr. Hill.  The Court ordered Mr. Hendricks to file an amended complaint that conformed to the order.

On April 19, 2012, Mr. Hendricks filed the amended complaint naming as defendants Mr. Hazzard, Ms. Lawrence, Ms. Crockett-Harris, Ms. Wessell, Mr. Moore, Mr. Mohr, and Mr. Roddy.  Mr. Hazzard is named as a defendant in both his individual and official capacities but all other defendants are named in their official capacities only.  This amended complaint is the subject of the current motion to dismiss filed by Mr. Hazzard, Ms. Lawrence, Ms. Crockett-Harris, and Ms. Wessell.

II.  The Motion to Dismiss

In the motion to dismiss, the defendants argue that, to the extent Mr. Hendricks' complaint can be construed as seeking monetary damages against them in their official capacities, his claims are barred by the Eleventh Amendment.  On the other hand, they contend that, to the extent that any claim for injunctive

relief may be viable under the Ex Parte Young exception, Mr. Hendricks fails to allege an ongoing violation of federal law.

In response, Mr. Hendricks does not dispute that any claim for monetary damages against these defendants is barred by the Eleventh Amendment. Rather, the focus of Mr. Hendricks' response is that he is seeking prospective relief to address an alleged policy, custom or practice engaged in by the defendants resulting in a tolerance of abuse inflicted by Mr. Hazzard and others and that this policy, custom or practice can be demonstrated only through examples of past conduct. In support of his position, Mr. Hendricks relies on two Sixth Circuit cases, Leach v. Shelby County Sheriff, 891 F.2d 1241 (6th Cir. 1989) and Marchese v. Lucas, 758 F.2d 181 (6th Cir. 1985). According to Mr. Hendricks' reading of these cases, the defendants can be held liable for their failure to investigate or discipline an officer's conduct when such failure equates to a ratification of that conduct.

In reply, the moving defendants contend that Mr. Hendricks is attempting to "treat [his] official capacity claim as an individual capacity claim." Further, they claim that the cases relied on by Mr. Hendricks are distinguishable because they involved claims against county defendants and do not apply to claims brought against state defendants in an official capacity. Finally, they reiterate that the only way Mr. Hendricks can pursue any claim for injunctive relief against them in their official capacities is if he alleges an ongoing violation of federal law. Defendants contend, however, that Mr. Hendricks has not done that here because he has alleged only isolated incidents separated by several months.

### III. Legal Standard

A motion to dismiss under Fed. R. Civ. P 12(b)(6) should not be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic

3

Corp. v. Twombly, 550 U.S. 544, 569 (2007). All well-pleaded factual allegations must be taken as true and be construed most favorably toward the non-movant. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009). Rule 8(a) admonishes the Court to look only for a "short and plain statement of the claim," however, rather than requiring the pleading of specific facts. Erickson v. Pardus, 551 U.S. 89 (2007).

A 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it. Roth Steel Products v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983). The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim. Consequently, a complaint will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. See Rauch v. Day & Night Mfg. Corp., 576 F.2d 697, 702 (6th Cir. 1978). Rule 12 (b)(6) must be read in conjunction with Fed. R. Civ. P. 8(a) which provides that a pleading for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." 5A Wright & Miller, Federal Practice and Procedure § 1356 (1990). The moving party is entitled to relief only when the complaint fails to meet this liberal standard. Id.

On the other hand, more than bare assertions of legal conclusions is required to satisfy the notice pleading standard. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Id. (emphasis in original, quotes omitted).

> "[w]e are not holding the pleader to an impossibly high
> standard; we recognize the policies behind rule 8 and
> the concept of notice pleading.  A plaintiff will not
> be thrown out of court for failing to plead facts in
> support of every arcane element of his claim.  But when
> a complaint omits facts that, if they existed, would
> clearly dominate the case, it seems fair to assume that
> those facts do not exist."

Id. It is with these standards in mind that the motion to dismiss will be decided.

### IV. Analysis

In his amended complaint, Mr. Hendricks has stated precisely that he is suing Ms. Lawrence, Ms. Crockett-Harris, and Ms. Wessell in their official capacities.  This is consistent with the instructions in the Court's previous order and is in direct contrast to allegations in Mr. Hendricks' previous complaints where he stated that these defendants were being sued in both their individual and official capacities. See Doc. #26-1 and Doc. #47.  The Court does not construe Mr. Hendricks' amended complaint as asserting a claim for personal liability against any defendants other than Mr. Hazzard despite the defendants' somewhat lengthy argument to the contrary in their reply.

This is so even though, as defendants note in their motion, in his allegations of damages and prayer for relief, Mr. Hendricks appears to seek monetary damages from all defendants. However, to the extent this language, as defendants suggest, may be construed as a claim for damages against these defendants in their official capacities, such a claim clearly is barred by the Eleventh Amendment. Will v. Mich. Dep't. of State Police, 491 U.S. 58, 71 (1989).  Consequently, the motion to dismiss will be granted to the extent that it is directed to any claims for monetary damages against these defendants in their official capacities.

On the other hand, while the Eleventh Amendment generally

5

bars suits by citizens of a state against a state in federal court, there are exceptions to this rule, including an official capacity suit seeking purely injunctive relief against a state official. Ex parte Young, 209 U.S. 123, 155-56 (1908); League of Women Voters of Ohio v. Brunner, 548 F.3d 463 (6th Cir. 2008). As the Sixth Circuit explained in Brunner,

> The test for determining whether the Ex parte Young exception applies is a "straightforward" one. Verizon Md., Inc. v. Public Serv. Comm'n of Md., 535 U.S. 635, 645, 122 S.Ct. 1753, 152 L.Ed.2d 871 (2002). The court considers "whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." Id. (alteration in original) (citation omitted); Dubuc v. Mich. Bd. of Law Exam'rs, 342 F.3d 610, 616 (6th Cir. 2003). The focus of the inquiry remains on the allegations only; it "does not include an analysis of the merits of the claim." Verizon, 535 U.S. at 646, 122 S.Ct. 1753; Dubuc, 342 F.3d at 616.

Id. at 474.

Defendants contend that Mr. Hendricks does not describe an ongoing violation of federal law in his amended complaint. Defendants read the amended complaint as alleging in only minimal detail "three or four separate use of force incidents," all of which took place in the past. In response, Mr. Hendricks asserts that his complaint alleges a continuing policy of deliberate indifference that he can demonstrate only through a discussion of events that have occurred previously. As the Court reads the amended complaint, Mr. Hendricks has attempted to allege a course of conduct beyond a few unrelated incidents.

While the factual allegations regarding an ongoing violation of federal law are not highly detailed, construing the amended complaint broadly as the Court is required to do, Mr. Hendricks does allege an ongoing "problem with the recruitment, training, supervision, and discipline of employees at Pickaway Correctional Insitution" and that, absent some Court intervention in the form

of declaratory relief, the defendants will continue to violate inmates' constitutional rights or to intimidate inmates into foregoing their constitutional rights. See Amended Complaint (Doc. #47) at ¶¶55 and 77. In addition to these allegations, Mr. Hendricks specifically requests injunctive relief in the form of a restriction on Mr. Hazzard's time in the Frazier Health Center, anger management training for corrections staff with more than two misuse of force complaints, an investigation of all use of force complaints within the last three years to determine the appropriateness of the force used, background checks of all Pickaway staff, and the issuance of medical cards to inmates summarizing any medical restrictions.

Mr. Hendricks' claims for relief fairly can be characterized as seeking "relief that would 'merely compel the state officer's compliance with federal law in the future'" and as a result are prospective in nature. Perez v. Wade, 652 F.Supp.2d 901, 906-07 (W.D. Tenn. 2009)(citation omitted)(plaintiff's request for, among other relief, a requirement that defendants undergo training regarding discrimination against Hispanics, an order compelling defendants to provide a written apology, and a directive that defendants refrain from targeting Hispanics found to be prospective in nature); see also Nelson v. Miller, 170 F.3d 641, 646 (6th Cir. 1999); Doe v. Wigginton, 21 F.3d 733, 737 (6th Cir. 1994). Consequently, Mr. Hendricks' claims for injunctive and declaratory relief fall within the Ex parte Young exception and therefore are not barred by the Eleventh Amendment.

## V. Conclusion

For the reasons stated above, it is recommended that the motion to dismiss (#48) be granted as to any claim for damages against the defendants in their official capacities. Further, it is recommended that the motion to dismiss be denied as to any claim for declaratory or injunctive relief against the defendants

7

in their official capacities.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

    /s/ Terence P. Kemp
    United States Magistrate Judge