IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Benjamin Hendricks,

      Plaintiff,

v.

Jeffrey Norman Hazzard, et al.,

      Defendants.

Case No. 2:11-cv-399

JUDGE MICHAEL H. WATSON
Magistrate Judge Kemp

## OPINION AND ORDER

Plaintiff Benjamin Hendricks' objects in part to a Report and Recommendation issued by the Magistrate Judge on August 7, 2012. The Court, having reviewed the record *de novo*, and for the reasons set out below, **OVERRULES** the objection and **ADOPTS** the Report and Recommendation.

I.

When objections are received to a Magistrate Judge's Report and Recommendation on a dispositive matter, the assigned District Judge "shall make a *de novo* determination . . . of any portion of the magistrate judge's disposition to which specific written objection has been made . . . ." Fed. R. Civ. P. 72(b). After review, the District Judge "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(B). General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety

of the magistrate's report has the same effects as would a failure to object."

*Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

II.

At the outset, the Court notes that Mr. Hendricks filed a reply to Mr. Hazzard's response to the objection. Mr. Hazzard has moved to strike that reply, citing to Fed. R. Civ. P. 72(b) and the fact that Mr. Hendricks did not seek leave. The Court agrees with Mr. Hazzard that a reply is not contemplated by Rule 72(b) and that Mr. Hendricks has not sought leave for his filing. Consequently, the motion to strike will be granted and the Court will not consider the reply in addressing Mr. Hendricks' partial objection.

As is relevant to Mr. Hendricks' partial objection, in the Report and Recommendation the Magistrate Judge recommended that summary judgment be granted in favor of defendant Jeffrey Norman Hazzard on the excessive use of force claim arising from an alleged incident on January 15, 2010. The basis for this recommendation was Mr. Hendricks' failure to properly exhaust the claim. In reaching that conclusion, the Magistrate Judge relied on the inmate grievance procedure set forth in Ohio Administrative Code §5120-9-31 and stated as follows:

> With respect to the incident of January 15, 2010, there is no question that Mr. Hendricks did not exhaust his administrative remedies. Based on the record, it appears that he filed only an informal

complaint with Lt. Black on February 22, 2010. Mr. Hendricks states in his declaration that Lt. Black forwarded this complaint on to the Acting Inspector of Institutional Services. This is the only action taken by Mr. Hendricks with respect to the January 15, 2010 incident until he filed another informal complaint on January 13, 2011, with Warden Brian Cook. Because nearly a year had passed since the event, Warden Cook declined to take any action on the complaint. The filing of this second formal complaint with the Warden nearly a year after the incident is not consistent with the provisions of Ohio's three-step grievance system set forth above. Consequently, any actions taken by Mr. Hendricks after that date—even to the extent that Mr. Hendricks styled them as his "final step in the PLRA exhaustion requirement"—do not raise a genuine issue of material fact as to whether he properly exhausted his administrative remedies as to his use of force claim arising from an incident in January, 2010.

Further, to the extent that Mr. Hendricks contends that the informal complaint he filed with Ms. Wessell on March 19, 2010, serves as another step in the exhaustion of his use of force claim, he is mistaken. The informal complaint dated March 19, 2010 relates to an incident on that date involving the locking of inmates' doors by Mr. Hazzard. While Mr. Hendricks does mention another informal complaint he filed against Mr. Hazzard as a possible motive for Mr. Hazzard's decision to lock inmates' doors, this document cannot be found to raise any genuine issue of material fact regarding Mr. Hendricks' exhaustion of his administrative remedies relating to his excessive use of force claim. Similarly, if, as Mr. Hendricks claims, he filed a notification of grievance in April, 2010 with the Chief Inspector about the inspector of institutional services and the grievance process, again this does not serve to create a genuine issue of material fact as to whether he properly exhausted his administrative remedies with respect to his use of force claim against Mr. Hazzard arising from the incident on January 15, 2010. In short there is no evidence in the record which would allow the trier of fact to conclude that Mr. Hendricks pursued the grievance process through the final level of appeal with respect to his excessive use of force claim. Consequently, the Court will recommend that summary judgment be entered in Mr. Hazzard's favor on this claim.

Report and Recommendation 8–9, ECF No. 61.

III.

In his partial objection, Mr. Hendricks asserts that the Magistrate Judge erred in concluding that he had not properly exhausted his excessive use of force claim arising from the alleged incident of January 15, 2010. As Mr. Hendricks sets forth on pages 16 and 17 of his 18-page objection (complete with 105 footnotes and a primer on exhaustion under the PLRA), he utilized the only administrative remedies available to him. As a result, he contends, Mr. Hazzard is not entitled to summary judgment on this issue.

Mr. Hendricks does not dispute the Magistrate Judge's recitation of the facts relating to the issue of exhaustion with respect to this claim. That is, Mr. Hendricks confirms that he initiated the grievance process by filing a complaint about the incident with Lt. Black on February 22, 2010. Further, he confirms that the next step he took was filing a complaint against the acting institutional inspector for failing to address this complaint. Mr. Hendricks contends, however, that the Magistrate Judge's analysis was incomplete because the Magistrate Judge should have considered that filing a complaint against the institutional inspector was the only step available under the circumstances of the use of force incident. Mr. Hendricks cites to subsection (M) of the inmate grievance procedure, O.A.C. 5120-9-31, in support of his position. That subsection states as follows:

> (M) Grievances against the warden or inspector of institutional services must be filed directly to the office of the chief inspector within thirty calendar days of the event giving rise to the complaint. Such grievances must show that the warden or inspector of institutional services was personally and knowingly involved in a violation of law, rule or policy, or personally and knowingly approved or condoned such a violation. The chief inspector or designee(s) shall respond in writing within thirty calendar days of receipt of the grievance. The chief inspector or designee(s) may extend the time in which to respond for good cause, with notice to the inmate. The decision of the chief inspector or designee is final.

Mr. Hazzard filed a response to the partial objection asserting that Mr. Hendricks' objection was filed out of time and is without merit. With respect to the merits, Mr. Hazzard contends that Mr. Hendricks' objection misquotes and misconstrues the Magistrate Judge's factual and legal findings as well as the provisions of the Ohio Administrative Code relating to the grievance process.

### IV.

The Court's review of the record, and Mr. Hendricks' verified amended complaint and declaration in support of his motion for summary judgment in particular, indicates the following. According to the verified amended complaint, following the incident, at Mr. Hendricks' "earliest chance, he filed a complaint with Lt. Kenneth Black who sent the complaint to the acting Inspector of Institutional Services to investigate and was told it would be handled." Amended Complaint, ECF No. 47, ¶27. Mr. Hendricks' declaration in support of his motion for summary judgment provides more detail with respect to his efforts to exhaust his

administrative remedies relating to his use of force claim. That document (ECF No. 51, Exhibit 1) states as follows:

> 5) Attached to this declaration as "*Exhibit A*" is an Informal Complaint Resolution (2/22/10) that I filed with Lt. Kenneth Black (now Capt.) which was delayed due to being denied required forms among other issues
>
> 6) This was forwarded to the Acting Inspector of Institutional Services by Mr. Black, per policy, and I was told the problems would be handled (see attached "*Exhibit B*")
>
> 7) Attached to this declaration as "Exhibit C" is another Informal Complaint Resolution (3/19/10) that I filed with Defendant Wessel about Defendant Hazzard which makes reference to "*Exhibits A & B*" and an investigation I was told was being performed
>
> 8) Around April 2010, I filed a Notification of Grievance (#CI-04-10-029(?)) directly to the Chief Inspector about the Inspector of Institutional Services and problems with the grievance process and investigation of "*Exhibit A*" which took over 5 months to receive an answer on
>
> . . .
>
> 17) Because of a complete failure by everybody to address the problems with Defendant Hazzard and my issues with the grievance process at PCI, I filed an Informal Complaint Resolution (1/13/11) with Warden Brian Cook which is attached to this declaration as "*Exhibit J*"

A copy of the informal complaint form is attached to Mr. Hendricks' declaration as Exhibit A. The complaint portion of the form contains the following hand-written statement, set forth below verbatim:

> Due to hospital visits, ... to court, and a continued denial of informal complaints, I am respectfully requesting the time extension allowed by AR 5120-9-31 to file this complaint against CO Hazard wich occured on 1/15/10. Upon my arrival to Seg CO Hazard was very belgerant with me because I was cuffed in front. This verbal assault

continued after I informed him I had a latex allergy. He then grabbed me by my left arm and threw me in a holding cell while wearing latex gloves and being informed about my left shoulder. While wating I started having a medical problem and the verbal abuse started again for 10 minutes before he called for medical who the sent me to OSU by EMS. This is the same CO who from rumor was forced to resign from the Flint, Michigan PD for assaulting a cuffed inmate. This not only is a violation of AR 5120-9-04 but a saftey concern as he already has a past history of violence against inmates.

The "Lower Section" of the form, which is "to be completed by the supervisor of the staff person or department most responsible for complaint" and returned to the inmate within 7 days is blank. Exhibit B to Mr. Hendricks' declaration, however, is a barely legible, unsigned and undated note addressed to Lt. Black presumably from Mr. Hendricks. That document states:

> Lt. Black I know you run Seg so I'm asking for a little help, I know I've been a pain in the ass to you for problems . . . and I would like to apologize face to face. On 2/15/10 I went to OSU ER and was listed as %100 ADL (. . . daily living). As you know by my . . . problems with getting help they have now finally realized I'm not just full of shit (no pun intended). I'm in the infirmary and probably will be upstairs as soon as S/C status is lifted. Could you come over so I may have approx 10 min of your time please.

This document also contains the legible, handwritten statement "I forwarded your other complaint to the Inspector to investigate. Lt. K. Black." Construing these documents in the light most favorable to Mr. Hendricks, Lt. Black did not reject Mr. Hendricks' informal complaint as outside the 14-day period for filing grievances under O.A.C. §5120-9-31, but instead forwarded it to the institutional inspector and informed Mr. Hendricks of this fact in writing, albeit not by way of a

response on the informal complaint form itself.

There is no evidence in the record of the date on which Lt. Black forwarded Mr. Hendricks' complaint or whether his hand-written note was delivered to Mr. Hendricks within seven days of receipt of the informal complaint as required under the inmate grievance procedure. Further, no copy of the notification of grievance Mr. Hendricks states he filed with the chief inspector "[a]round April 2010" is attached to his declaration.

In moving for summary judgment, Mr. Hazzard disputes that Mr. Hendricks filed an informal complaint dated February 22, 2010, relating to the events of January 15, 2010. According to the declarations of Mary Lawrence attached to the summary judgment motion and reply, Mr. Hendricks filed three informal complaints against Mr. Hazzard between January 2010 and June 2011. These informal complaints were filed June 19, 2010, January 13, 2011, and April 21, 2011. See Motion for Summary Judgment ECF No. 49, Exhibit 1. Mr. Hazzard further contends that, to the extent Mr. Hendricks asserts that he filed an informal complaint on February 22, 2010, such an assertion is insufficient to raise a genuine issue of material fact. According to Mr. Hazzard, even assuming Mr. Hendricks filed an informal complaint on February 22, 2010, he did not pursue the remaining steps of the three-step grievance process and, therefore, did not exhaust his administrative remedies.

Based on the facts as stated in his declaration, Mr. Hendricks' position, set forth for the first time with any clarity in his objection, seems to be this. Once he filed the informal complaint with Lt. Black and Lt. Black forwarded the complaint to the institutional inspector, this took his complaint outside the three-step grievance process set forth in O.A.C. §5120-9-31(K). At that point, the burden was on the institutional inspector to perform an investigation and once Mr. Hendricks learned that was not timely being undertaken, his only recourse was to pursue a grievance against the institutional inspector as provided in O.A.C. §5120-9-31(M). As Mr. Hendricks explains, "[a]s this complaint was sent to the Acting Institutional Inspector to address, and the refusal to address this complaint prompted a complaint to be filed *against* the Acting Institutional Inspector, Plaintiff exhausted his administrative remedies to the extent they were available." *See* Partial Objection, ECF No. 67, p. 17.

As stated above, Mr. Hazzard contends that the filing of a grievance against the institutional inspector does not serve to exhaust the grievance process with respect to the excessive use of force claim. As Mr. Hazzard explains, under O.A.C. §5120-9-31(K), following the three-step grievance process is required to exhaust a claim against him as a member of the prison staff. Subsection (M) only applies to grievances against prison wardens or inspectors.

Mr. Hazzard's argument is correct as far as it goes. However, the Court views Mr. Hendricks' objection as requiring somewhat more discussion. From the

express language in his objection, Mr. Hendricks indicates that he understands there is a distinction between his original informal complaint for excessive use of force and his grievance against the institutional inspector for failing to investigate.

Framed in terms of the three-step grievance procedure under which he filed his informal complaint against Mr. Hazzard, Mr. Hendrick's argument is as follows.  His filing of the informal complaint with Lt. Black and Lt. Black's response that the complaint was forwarded to the institutional inspector completed the grievance process with respect to the excessive use of force claim against Mr. Hazzard.  Stated another way, because Mr. Hendricks initially was satisfied with the response he received to his informal complaint from Lt. Black, he had no reason to proceed to the second step of the formal grievance process. Instead, as Mr. Hendricks suggests, he gave the institutional inspector time to complete the investigation of the complaint.  He wasn't *dissatisfied* with the informal complaint response until he learned that the institutional inspector was not investigating his complaint.  At that point, he believed his only recourse was to file a notification of grievance against the inspector of institutional services pursuant to O.A.C. §5120-9-31(M).  Presumably, that notification of grievance filed under subsection (M) was not intended by Mr. Hendricks as the second step in the grievance process with respect to his excessive use of force claim against Mr. Hazzard.  Rather, as he states in his objection, it was his attempt to pursue an independent claim against the institutional inspector specifically for failing to

investigate his claim against Mr. Hazzard.

To summarize, as Mr. Hendricks sees it, he exhausted the remedies as they were available to him. That is, Lt. Black's telling him he had forwarded the informal complaint eliminated any reason for Mr. Hendricks to pursue the additional steps in the three-step grievance process. Based on the circumstances after that—the institutional inspector's failure to investigate the complaint—the believed his only choice under the framework of the inmate grievance procedure was to file a grievance against the institutional inspector as set forth in subsection (M).

Although Mr. Hendricks' argument may seem somewhat on the surface, it is ultimately not persuasive. Construing the following facts in the light most favorable to Mr. Hendricks, the Court finds that Mr. Hendricks has not properly exhausted his administrative remedies.

Mr. Hendricks initiated the grievance process with respect to his excessive use of force claim by filing an informal complaint with Lt. Black on February 22, 2010. Although Mr. Hendricks was well outside the 14-day time limit for filing his informal complaint, he requested an extension of time for doing so. Mr. Hendricks' requested extension of time was granted when Lt. Black accepted this informal complaint and did not reject it as untimely. Under the grievance procedure, Lt. Black had seven calendar days to respond to Mr. Hendricks' complaint. Mr. Hendricks does not contend that Lt. Black's response was

untimely so Lt. Black would have responded no later than March 1, 2012. Sometime between approximately March 1 and the date in April when Mr. Hendricks filed his notification of grievance about the institutional inspector, he learned that the institutional inspector had not undertaken the investigation of his informal complaint. There is no evidence in the record suggesting at what specific point between these dates Mr. Hendricks became aware that no investigation was being undertaken. However, when he did find out, Mr. Hendricks became dissatisfied with the response to his informal complaint. When an inmate is dissatisfied with a response to an informal complaint, step two of the grievance process requires that an inmate pursue a notification of grievance with the inspector of institutional services in order to exhaust administrative remedies. However, Mr. Hendricks did not pursue a notification of grievance with the inspector of institutional services with regard to his excessive use of force claim. Rather, in "April 2010," he filed a notification of grievance, directly with the chief inspector, about the inspector of institutional services' failure to investigate. That action does not serve to exhaust his excessive use of form claim.

To the extent that Mr. Hendricks suggests that Lt. Black's forwarding of his informal complaint foreclosed the further remedies available under the three-step grievance process with respect to the excessive use of force claim, Mr. Hendricks is mistaken. Within a relatively short period of time after Lt. Black's response

(sometime between March 1 and April) Mr. Hendricks learned, to his dismay, that the investigation he was expecting was not being undertaken. Once that occurred and he was "dissatisfied with the informal complaint response" because, from his perspective, the response he received quickly turned out to be misleading, he was required to move to step two under the three-step grievance process in order to exhaust his excessive use of force claim against Mr. Hazzard.

Construing the facts in the light most favorable to Mr. Hendricks, he may not have learned that no investigation was being undertaken until outside the 14-day time period for filing a step-two grievance. However, step two of the three-step grievance process contains a provision for waiving the time frame for filing the notification of grievance upon a showing of good cause. See O.A.C. 5120-9-31 (K)(2). Mr. Hendricks was aware of the potential for an extension of time in the context of the grievance process, having asked for and received one when filing his informal complaint.

Once Mr. Hendricks became aware of the fact that his informal complaint was not being investigated as he believed, even if he was outside the time, he still had the ability to pursue the late filing of a notification of grievance with respect to his excessive use of force claim against Mr. Hazzard. He provides no evidence that he made any effort to do so. Consequently, the Court agrees with the Magistrate Judge that Mr. Hendricks has not raised a genuine issue of material fact as to whether he properly exhausted his administrative remedies

with respect to his excessive use of force claim.

V.

The Court has conducted a *de novo* review of Mr. Hendricks' complaint and agrees with the Magistrate Judge that Mr. Hendricks failed to exhaust his administrative remedies with respect to his use of force claim arising from the incident in January, 2010.

VI.

For the reasons stated above, the Court **OVERRULES** Plaintiff's partial objection (ECF No. 67) and hereby **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 61) in its entirety. The motion for summary judgment (ECF No. 49) is granted as it relates to the excessive use of force claim arising from the January 15, 2010 incident and denied as it relates to the retaliation claim arising from the events of June 18, 2010. The motion to stay proceedings (ECF No. 58) is denied. The motion to strike (ECF No. 72) is granted. The motion for extension of time (ECF No. 69) is denied as moot.

Further, with respect to the Report and Recommendation issued by the Magistrate Judge on August 2, 2012, no objections have been filed to the Report and Recommendation. Therefore, the Court **ADOPTS** the Report and Recommendation (ECF No. 59). The motion to dismiss (ECF No. 48) is granted in part as to any claim for damages against defendants in their official capacities and denied as to any claim for declaratory or injunctive relief against the

defendants in their official capacities.

**IT IS SO ORDERED.**

*[signature]*
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**