IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Benjamin Hendricks,

Plaintiff,

v. Case No. 2:11-cv-399

Jeffrey Norman Hazzard, et al., JUDGE MICHAEL H. WATSON
Magistrate Judge Kemp

Defendants.

ORDER

This matter is before the Court to consider a motion to compel filed by plaintiff Benjamin Hendricks. Defendants have responded to the motion and the motion has been fully briefed. For the following reasons, the motion to compel will be granted in part and denied in part.

I. Background

The facts of this case have been set forth in detail in several previous orders of the Court and will not be repeated at length here. Briefly, however, for purposes of the current motion, following rulings on motions to dismiss and for summary judgment, two claims remain in this case. First, there is a retaliation claim against defendant Jeffrey Norman Hazzard relating to the alleged destruction of Mr. Hendricks' legal materials on June 18, 2010. Further, there is a claim against Gene Wessell, Carole Crocket-Harris and Mary Lawrence in their official capacities seeking injunctive and declaratory relief to address alleged ongoing violations of constitutional rights at the Pickaway Correctional Institution. The amended complaint also names Ernie Moore, Gary Mohr and Roger Roddy in their official capacities, but there is no indication on the Court's docket that service has ever been made on these defendants.

On June 12, 2013, the Court issued a Report and Recommendation denying Mr. Hendricks' request for a TRO relating to events allegedly involving Mr. Hazzard in 2013.

II. Mr. Hendricks' Motion to Compel

In his motion to compel, Mr. Hendricks takes issue with all of defendants' responses to his discovery requests except for one, Request for Production No. 4. His argument in support of his 5-page motion is set forth in two paragraphs on page 3 and reads as follows:

> Here, Defendants have objected to all of Plaintiff's requests with the exception of the CIIC reports. They have advanced almost every conceivable objection and/or reservation which, if allowed to stand, will effectively shut down further litigation. Most, if not all, of the requested material relates to the actions of PCI employees, grievances against them, and the failure to investigate and/or discipline the staff thereby fostering the continued harm/actions - all of which are relevant to the claims at issue in this case. For example, the requested material concerning the events of March 29, 2013 are relevant to the continued actions of Defendant Hazzard and the continued failure to investigate and/or discipline by the remaining Defendants, but yet objections were advanced concerning relevancy.
>
> In addition, Plaintiff also requested medical records and/or grievances from and about other inmates that have experienced misuse of force, harassment, retaliation, etc. and the responses to such incidents - again all of which are relevant to the claims at issue. ...

In response, defendants make two arguments. First, they argue that Mr. Hendricks failed to make a good faith effort to resolve the discovery dispute as required by Fed.R.Civ.P. 37 and this Court's Local Civil Rules. Additionally, they argue that Mr. Hendricks has not demonstrated that the documents he seeks are relevant and that his requests are overbroad.

In reply, Mr. Hendricks argues that he did attempt to

resolve the dispute within the terms of the constraints he is operating under. Further, he devotes at least four pages of his reply to contending that the motion to compel should be granted because defendants' discovery response did nothing more than set forth "boilerplate" objections.

A. Extrajudicial Means of Resolving Dispute

Initially, the Court notes that S.D. Ohio Civ. R. 37.1, which supplements the procedures mandated by Fed.R.Civ.P. 37, provides that discovery-related motions shall not be filed unless all extrajudicial means to resolve the differences have been exhausted. Once such extrajudicial means are exhausted, a party may then seek an informal telephone conference with the Court. See Watson v. Citi Corp., No. 2:07–cv–0777, 2008 WL 3890034, at *2 (S.D. Ohio Aug.19, 2008). If, after the informal telephone conference, the dispute remains unresolved, the party seeking the discovery may then file a motion to compel pursuant to Fed.R.Civ.P. 37(a). See S.D. Ohio Civ. R. 37.2. The motion to compel shall be accompanied by a supporting memorandum and a certification informing the Court of the extrajudicial means that have been attempted to resolve the dispute. See id. Here, Mr. Hendricks contends in his motion that he made a good faith effort to resolve the discovery dispute and explains his efforts to do so. The Court will construe Mr. Hendricks' efforts as his attempt to resolve the discovery dispute through extrajudicial means and will consider the motion to compel on its merits.

B. Analysis

The general principles involving the proper scope of discovery are well known. The Federal Rules of Civil Procedure authorize extremely broad discovery. United States v. Leggett & Platt, Inc., 542 F.2d 655 (6th Cir. 1976), cert. denied 430 U.S. 945, 97 S.Ct. 1579, 51 L.Ed.2d 792 (1977). Therefore, Fed.R.Civ.P. 26 is to be liberally construed in favor of allowing

discovery. Dunn v. Midwestern Indemnity, 88 F.R.D. 191 (S.D. Ohio 1980). Any matter that is relevant, in the sense that it reasonably may lead to the discovery of admissible evidence, and is not privileged, can be discovered. The concept of relevance during discovery is necessarily broader than at trial, Mellon v. Cooper–Jarrett, Inc., 424 F.2d 499 (6th Cir. 1970), and "[a] court is not permitted to preclude the discovery of arguably relevant information solely because if the information were introduced at trial, it would be 'speculative' at best." Coleman v. American Red Cross, 23 F.3d 1091, 1097 (6th Cir. 1994).

Information subject to disclosure during discovery need not relate directly to the merits of the claims or defenses of the parties. Rather, it may also relate to any of the myriad of fact-oriented issues that arise in connection with the litigation. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). On the other hand, the Court has the duty to deny discovery directed to matters not legitimately within the scope of Rule 26, and to use its broad discretionary power to protect a party or person from harassment or oppression that may result even from a facially appropriate discovery request. See Herbert v. Lando, 44l U.S. 153 (1979). Additionally, the Court has discretion to limit or even preclude discovery which meets the general standard of relevance found in Rule 26(b)(1) if the discovery is unreasonably duplicative, or the burden of providing discovery outweighs the benefits, taking into account factors such as the importance of the requested discovery to the central issues in the case, the amount in controversy, and the parties' resources. See Fed.R.Civ.P. 26(b)(2). Finally, the Court notes that the scope of permissible discovery which can be conducted without leave of court has been narrowed somewhat by the December 1, 2000 amendments to the Federal Rules. Rule 26(b) now permits discovery to be had

without leave of court if that discovery "is relevant to the claim or defense of any party ...." Upon a showing of good cause, however, the Court may permit broader discovery of matters "relevant to the subject matter involved in the action." Id.

As explained above, Mr. Hendricks has not provided specific arguments as to why defendants' objection to any particular discovery request on grounds of relevance was not justified. There is no question that " '[t]he proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant.' " Guinn v. Mount Carmel Health Systems, 2010 WL 2927254, *5 (S.D. Ohio July 23, 2010), quoting Clumm v. Manes, Case No. 2:08–cv–567 (S.D. Ohio May 27, 2010) (King, J.); see also Berryman v. Supervalu Holdings, Inc., 2008 WL 4934007 (S.D. Ohio Nov. 18, 2008) ("At least when the relevance of a discovery request has been challenged the burden is on the requester to show the relevance of the requested information.") (internal citation omitted). When the information sought appears to be relevant, the party resisting production has the burden of establishing that the information either is not relevant or is so marginally relevant that the presumption of broad disclosure is outweighed by the potential for undue burden or harm. See Vickers v. General Motors Corp., 2008 WL 4600997, *2 (W.D. Tenn. September 29, 2008). Here, the relevance of the majority of Mr. Hendricks' discovery requests is not apparent. Consequently, Mr. Hendricks bears the burden of proving that the information he seeks through these requests is relevant.

As explained above, Mr. Hendricks has two claims remaining in this action following the Court's ruling on the motion to dismiss the amended complaint. The first is a retaliation claim against defendant Jeffrey Norman Hazzard relating to the alleged destruction of Mr. Hendricks' legal materials on June 18, 2010. None of Mr. Hendricks' discovery requests appears to relate

specifically to this claim.

The second remaining claim is a claim against Gene Wessell, Carole Crocket-Harris and Mary Lawrence in their official capacities seeking injunctive and declaratory relief to address alleged ongoing violations of constitutional rights at the Pickaway Correctional Institution. A claim against a state employee named in his or her official capacity is, in actuality, a claim against the State. Kentucky v. Graham, 473 U.S. 159, 165 (1985). The Court of Appeals for the Sixth Circuit has stated that "official-capacity liability requires the plaintiff to show that the state is a wrongdoer because of an 'officially executed policy, or the toleration of a custom' that caused the constitutional violation." Shabazz v. Schofield, 2013 WL 704408, *10 (M.D. Tenn. February 26, 2013), quoting Doe v. Claiborne Cnty., 103 F.3d 495, 507 (6th Cir. 1993).

Viewing the allegations of the amended complaint in the light most favorable to Mr. Hendricks, he has alleged that the Pickaway Correctional Institution has a custom or policy of retaliating against prisoners like him who exercise their right to petition the courts. Only two of his discovery requests, however, appear to relate to this issue of retaliation in any way. For example, Request No. 3 states as follows:

> 3. Any and all grievances, complaints, investigative files, etc. received by any prison staff at Pickaway Correctional Institution concerning harassment, retaliation, inappropriate supervision, mis-use of force and any memorandum, investigative, files, or any other document created in response to such since January 1, 2008.

Further, Request No. 16 states as follows:

> 16. Any and all inmate Conduct Reports written by any prison staff member at PCI that were found to be false and/or for retalitay (sic) purposes and any memorandum, investigative files, or any other document created in response to such since January 1, 2008.

The defendants, however, also have objected to these requests on the basis that they are overbroad and burdensome, although with minimal discussion. There is no question that a litigant "has no right to serve overbroad discovery requests that seek irrelevant information." Howell v Buckeye Ranch, Inc., Case No. 2:11-cv-1014, 2012 WL 5265170 (S.D. Ohio October 1, 2012), citing Glazer v. Fireman's Fund Insurance Company, 2012 WL 1197167, *3–*4 (S.D.N.Y. April 5, 2012). These discovery requests are overbroad and seek irrelevant information given that the Court has construed Mr. Hendricks' official-capacity claim as relating only to a policy or custom of retaliation. In light of this, the Court will grant the motion to compel, in part, and will direct defendants to respond to these two discovery requests. However, the Court will limit the required responses to these requests to documents relating only to the issue of retaliation against inmates who, like Mr. Hendricks, have used their right to petition the courts for redress. So construed, the requests call for production of grievances or other inmate complaints that they have been subjected to retaliation for resorting to the courts, or any conduct reports against such inmates which were subsequently determined to be false or retaliatory.

## III. Remaining Issues

Mr. Hendricks also has requested the appointment of counsel. As the Court previously has noted in this case, "[a]ppointed counsel in civil suits is a privilege only justified in exceptional circumstances...." Jennings v. Bradley, 419 Fed. Appx. 594, 598 (6th Cir. 2011), citing Lavado v. Keohane, 992 F.2d 601, 605 (6th Cir. 1993). Based on the current record, the Court remains unable to conclude that such exceptional circumstances exist in this case. Consequently, the motion for

appointment of counsel will be denied.

Further, the Court notes that Mr. Hendricks has requested an extension of the discovery date explaining that he previously made such a request and has not received a ruling. In the Report and Recommendation issued June 12, 2013, the Court granted an extension of the discovery deadline until September 30, 2013 and an extension of the dispositive motion deadline until October 30, 2013. Mr. Hendricks has not shown good cause for any extension beyond these dates. Consequently, the request for extension will be denied.

## IV. Conclusion

For the reasons stated above, the motion to compel (#87) is granted in part and denied in part as set forth above. Defendants shall provide responses to Request Nos. 3 and 16, as limited by this order, within twenty-one days

## APPEAL PROCEDURE

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp

United States Magistrate Judge