```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Benjamin Hendricks,              :

      Plaintiff,            :

  v.                             :       Case No. 2:11-cv-399

Jeffrey Norman Hazzard, et al., :       JUDGE MICHAEL H. WATSON
                                               Magistrate Judge Kemp
      Defendants.           :

## REPORT AND RECOMMENDATION

     This matter is before the Court on plaintiff Benjamin Hendricks' request for judicial notice. Defendants Jeffrey Norman Hazzard, Mary Lawrence, Ms. Harris, and Douglas Richard have construed Mr. Hendricks' request as a motion to withdraw his complaint and have filed a response in opposition. Mr. Hendricks has made no other filings to date. Before the Court addresses the merits of the parties' filings, some explanation of the events preceding Mr. Hendricks' filing is in order.

     According to his request for judicial notice, on May 15, 2014, Mr. Hendricks mailed to the Court a motion to withdraw his complaint without prejudice to its refiling within one year under the Ohio Savings Statute R.C. 2905.19. He contends that he received a time stamped copy of his motion indicating that it had been received in the Clerk's office. He has confirmed this representation by attaching a copy of his motion with a time stamp demonstrating receipt by the Clerk's office on May 21, 2014. A review of the Court's docket reveals that, although Mr. Hendricks' motion was time-stamped, the motion was not filed on the docket. Mr. Hendricks further asserts his belief that, according to the mailbox rule, this case was closed on May 15, 2014. Accordingly, he indicates his surprise at having received

defendants' motion to compel filed July 11, 2014. Apparently, the receipt of the motion to compel prompted Mr. Hendricks to file his request for judicial notice. The notice reiterates the request, originally set forth in his unfiled motion, for an order closing this case without prejudice.

Based on this series of events, the Court also will construe Mr. Hendricks' request for judicial notice as a motion to withdraw his complaint without prejudice. For the following reasons, it will be recommended that the motion be granted.

Mr. Hendricks seeks to withdraw his complaint stating that he "has serious health concerns that need to be addressed and is financially unable to prosecute this case further at this time." He cites to the Ohio Savings Statute in an effort to confirm his right to refile this action within one year. Mr. Hendricks also contends that his mailing of his motion to withdraw effectively closed this case of May 15, 2014.

Initially, the Court notes that, to the extent that Mr. Hendricks believes that his mailing of his motion closed this case on May 15, 2014, he is incorrect. The voluntary dismissal of actions is governed by Fed.R.Civ.P. 41 which provides for voluntary dismissal without a court order under Fed.R.Civ.P. 41(a)(1), or by court order under Fed.R.Civ.P. 41(a)(2). Mr. Hendricks is not automatically entitled to a voluntary dismissal without prejudice under Section (a)(1) because defendants have filed an answer and a motion for summary judgment. Rather, Fed.R.Civ.P. 41(a)(2) applies here and provides, in relevant part:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. ... Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Determinations regarding a Rule 41(a)(2) motion are within the

Court's broad discretion.  <u>Kehoe Component Sales, Inc. v. Best Lighting Products, Inc.</u>, 933 F.Supp.2d 974 (S.D. Ohio 2013), citing <u>Commodities Export Co. v. Detroit Intern. Bridge Co.</u>, 695 F.3d 518, 520 (6th Cir. 2012).

>   As explained by the Court in <u>Kehoe</u>:
>
>   "The purpose of Rule 41(a)(2) is to protect the nonmovant ... from unfair treatment." <u>Bridgeport Music, Inc. v. Universal-MCA Music Pub.</u>, Inc., 583 F.3d 948, 053 (6th Cir. 2009).  "The mere prospect of having to face a second lawsuit" is not the type of prejudice that Rule 41(a)(2) addresses. <u>Jones v. W. Reserve Transit Auth.</u>, 455 Fed.Appx. 640, 643 (6th Cir. 2012). Rather, in considering whether voluntary dismissal would result in "plain legal prejudice" the Court "consider[s] the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant."  <u>Bridgeport</u>, 583 F.3d at 953 (internal quotations omitted).
>
>   Under Rule 41(a)(2), the Court may impose conditions on dismissal such as "the payment of costs incurred by a defendant."  <u>Id</u>. at 954.  The United States Court of Appeals for the Sixth Circuit, however, "has expressly rejected the contention that the payment of defense costs is universally required for voluntary dismissal under Rule 41(a)(2)."  <u>Id</u>.; <u>see</u> <u>also</u> <u>Waldman v. Pitcher</u>, No. 1:10-cv-238, 2011 WL 4337046, at *2 (S.D. Ohio 2011) ("Rule 41(a)(2) is not a fee-shifting statute such that attorney fees are automatically awarded.")(internal quotations omitted)(Report and Recommendation later adopted).  Relevant factors in determining whether to award costs and attorney fees include "whether a plaintiff acted in good faith in bringing the suit ... and whether costs were wasted ...."  <u>Ferron v. 411 Web Directory</u>, No. 2:09-cv-153, 2010 WL 2998607, at *4 (S.D. Ohio July 28, 2010). Moreover, a separate way to avoid waste is to allow the nonmovant to use evidence obtained in discovery in a subsequent action."  <u>Id</u>. at *5.

<u>Id</u>. at 991-992.

In their response, defendants argue that they will suffer plain legal prejudice if this case is dismissed without prejudice. Accordingly, defendants request that any dismissal be with prejudice. More specifically, defendants argue that Mr. Hendricks cannot resurrect his use of force claim, a claim which was dismissed for failure to exhaust administrative remedies, by voluntarily dismissing his remaining claims. Further, they contend, relying on correspondence from Mr. Hendricks, that his stated purpose for seeking a voluntary dismissal - that he is unable to continue at this time due to health and financial reasons - is disingenous and his true intent is to circumvent the Court's prior dismissal of his use of force claim. In support of this argument, defendants have provided a declaration from their counsel, Peter L. Jamison, with attached exhibits. According to defendants, this information demonstrates Mr. Hendricks' belief that he will be able to avoid the exhaustion requirement of the PLRA by re-filing this case after his release from prison in November, 2014, and once again pursue his use of force claim.

Defendants also assert that they have invested significant effort in the litigation of this case over the last three years and detail at length the procedural history of this case. Briefly, they note that they have engaged in substantial discovery and motions practice relating to discovery issues, in addition to filing two motions to dismiss and a motion for summary judgment. Finally, they request that, because they have expended such time and effort in defending this case, in the event of a dismissal without prejudice, the Court condition Mr. Hendricks' re-filing of any claim upon the reimbursement of their costs.

Applying the standards outlined above, the Court is not convinced that the defendants will suffer plain legal prejudice as a result of a voluntary dismissal without prejudice. The

record in this case, which is not insubstantial given its age, does not reflect Mr. Hendricks' excessive delay or lack of diligence in his prosecution of this action.  In fact, Mr. Hendricks has successfully defended, at least in part, defendants' multiple dispositive motions.  Further, to the extent that Mr. Hendricks cites health concerns in support of his need to voluntarily dismiss this action, his numerous health conditions have been outlined in detail in several cases before this Court.  Although the defendants call attention to what they perceive as Mr. Hendricks' legal maneuvering, the Court notes that Mr. Hendricks has moved to withdraw another action pending in this Court for the same reasons he cites here.  See Hendricks v. Kasich, Case No. 2:12-cv-729.  Additionally, there is no summary judgment motion currently pending.  While defendants may have invested time and effort in the somewhat extensive motions practice undertaken in this case, this factor standing alone under the circumstances here, is not enough to persuade the Court that a dismissal with prejudice is warranted.  At its essence, the focus of defendants' argument is that, because they have expended such effort, they should not be subjected to a second lawsuit.

    At the same time, the Court recognizes that defendants will not be free from expense and further effort arising from any future re-filing of this action.  These concerns, however, are adequately addressed by Rule 41(d) which provides:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
>
>     (1) may order the plaintiff to pay all or part of the costs of that previous action; and
>
>     (2) may stay the proceedings until the plaintiff has complied.

Under the circumstances presented here, the Court will recommend that any re-filing of this action be conditioned upon defendants' ability to seek recovery for costs incurred in connection with this action.  See Chasteen v. Johnston, Case No. 2:12-cv-229, 2013 WL 1627657 (S.D. Ohio April 16, 2013).  Consequently, in the event of Mr. Hendricks' re-filing of this action, defendants may seek to recover, upon submission to the Court of appropriate evidentiary support, any costs incurred in this dismissed action which will be incurred again in the re-filed action, so long as it is clear that the recurrence of those costs was necessitated by the dismissal and refiling.  Any costs incurred in this action for matters which can be used in the re-filed case would generally not be recoverable.  Also, as the Court of Appeals for the Sixth Circuit has held, attorneys' fees are not recoverable as costs under Rule 41(d).  Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 874 (6th Cir. 2000).

    For these reasons, the Court recommends that the request to take judicial notice, construed as a motion to voluntarily withdraw the complaint (Doc. 122), be granted without prejudice and on the condition that, should plaintiff re-file this action, he be required to reimburse defendants for appropriate costs, if any, as set forth above.

PROCEDURE ON OBJECTIONS

    If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify,

in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

                                                  <u>/s/ Terence P. Kemp</u>
                                                  United States Magistrate Judge